# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| CASE NUMBER | 04 C 50420 | DATE | 2/22/2005 |
| CASE TITLE | Met-Pro vs. Yoho | | |

**DOCKET ENTRY TEXT:**

For the reasons stated on the attached Memorandum Opinion and Order, Plaintiff's Motion to Compel is granted with respect to an inspection of Defendant Yoho's personal and work computers. Defendant Yoho is to make available his computers for inspection by Plaintiff's expert at a reasonable time and at a reasonable place. Disclosures are subject to the parties' agreed confidentiality stipulation.

■ [ For further detail see attached order.]   ■ [ Notices mailed by judge's staff.]

| | Courtroom Deputy Initials: | AM |
|---|---|---|

| | |
|---|---|
| MET-PRO CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-C-50420 |
| ) | |
| ) | Magistrate Judge |
| EDWARD YOHO and USALCO, INC., ) | P. Michael Mahoney |
| a corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Met-Pro Corporation ("Met-Pro") filed an eight count Complaint against Defendants Edward Yoho ("Yoho") and USALCO, Inc. ("USALCO") on April 12, 2004, alleging violations of the Federal Lanham and Illinois Trade Secret Acts and asserting causes of action for breach of contract, conversion, breach of the duty of loyalty, misrepresentation and interference with prospective and actual business relationships. Yoho has counterclaimed against Met-Pro for breach of contract and Illinois Wage Act Violations. This matter is now before the court on Plaintiff's January 11, 2005, Motion to Compel Discovery.[1] For the reasons stated below, Plaintiff's Motion to Compel is granted in part.

## I. Background

---

[1] Plaintiff withdrew its Motion to Compel at the court's January 4, 2005, discovery conference without prejudice, and parties were ordered to hold a 37.2 conference to attempt to resolve their disputes. Defendants' February 4, 2005, Response indicated that all issues in Plaintiff's original Motion to Compel were resolved but one. It is this issue that the court order will address.

For the limited purposes of this motion, the court uses the background facts relayed in Plaintiff's Complaint. By doing so, the court makes no judgment about the actual truth or accuracy of the facts alleged. Plaintiff Met-Pro is a corporation engaged in the business of manufacturing and selling products designed to treat drinking water systems. Defendant Yoho once worked for Met-Pro as a regional sales manager, but now works for Defendant USALCO, which is also a corporation engaged in the business of water treatment (and a direct competitor of Met-Pro). Defendant Yoho signed a Confidentiality Agreement with Met-Pro in which Yoho agreed not to disclose or use for his own benefit business information, including trade secrets, owned by Met-Pro. Yoho voluntarily quit his job with Met-Pro on or about June 18, 2004.

Yoho became familiar with Biopurge, a product used in the treatment of drinking water sold exclusively by Met-Pro, while he worked at Met-Pro. Yoho assisted in the development of a power-point sales presentation on Biopurge, and he used the presentation with many clients and potential clients of Met-Pro over the course of his employment. When Yoho left Met-Pro, he allegedly refused to return his copy of a price book, the Biopurge presentation, and a PH testing unit. Yoho also allegedly approached another Met-Pro sales representative around June, 2004, about purchasing a quantity of Biopurge from Met-Pro.

After Yoho left Met-Pro, in September, 2004, Yoho attended a trade association conference of the water-treatment industry. Two regional sales persons from Met-Pro saw Yoho at the conference and noted that he wore a name tag indicating that he was there on behalf of Stiles-Kem (a division of Met-Pro that specializes in Biopurge). The conference program indicated that Yoho would give a thirty minute presentation on Biopurge. The Met-Pro employees attended Yoho's presentation and noted that he gave virtually the same power-point

presentation on Biopurge that he gave while employed by Met-Pro. Instead of referring to Met-Pro or Stiles-Kem, Yoho referred to USALCO, and instead of referring to Biopurge, Yoho referred to Bactipurge. Yoho also allegedly approached the Met-Pro employees about purchasing Biopurge at the September conference.

Met-Pro now alleges that Yoho has misappropriated its trade secrets, breached his Confidential Agreement, and attempted to contact Met-Pro customers in an effort to persuade them to purchase product from USALCO instead of Met-Pro. Further, Met-Pro alleges that USALCO colluded with Yoho in committing unlawful conduct.

On or about October 15, 2004, Plaintiff served its initial disclosures and written interrogatory and document requests on Defendants. Defendants responded on November 17, 2004, but Plaintiff found the responses insufficient. Plaintiff filed its Motion to Compel on January 12, 2005. A 37.2 conference between the parties eliminated most of the discovery issues in Plaintiff's Motion, but one issue apparently remains: whether Defendants must produce any computer used by Yoho for the benefit of USALCO.

## II. Discussion

Under Fed. R. Civ. P. 34, parties may obtain access to documents and things within the control of other parties within the scope of Rule 26(b). Rule 34 is purposely flexible so as to include data stored on computers. *See, e.g., Simon Property Group L.P. v. mySimon, Inc.*, 194 F.R.D. 639, 640 (S.D. Ind. 2000)(finding computer records, including deleted records, are discoverable under Rule 34). A party served with a Rule 34 request must respond or raise objections to the request. If no response is made or a party objects to a request, a propounding party may file a motion to compel under Rule 37(a). It is the responding party's burden to

3

persuade the court that a request is objectionable. As always, the court will balance the need for the requested items and the burden of producing them. It is also within the court's discretion to restrict the conditions of disclosure.

In this case, Plaintiff seeks to have an expert obtain and review Defendant Yoho's personal and work computers to see if a copy of the Met-Pro Biopurge presentation was ever stored on them. Plaintiff states that a computer expert would be necessary to determine whether deleted files could be salvaged.

While Defendant does argue that production under Plaintiff's request would be burdensome, Defendant does not lay out what its burden would be to produce under Plaintiff's request other than asserting that Plaintiff's discovery is "entirely improper and beyond the scope of discovery in this case." (Def.s' Opposition to Pl.'s Mtn., at 3). Defendants' central argument is that further discovery is unnecessary because "any relevant information properly within the scope of discovery in this case electronically maintained on this computer or any other device will, or already has, been produced." (Def.s' Opposition to Pl.'s Mtn., at 4). In support of this statement, Defendants filed the Affidavit of Yoho, in which Yoho stated that the power-point presentation file at issue in this case was not prepared on his personal computer or his work computer, but that it was instead prepared on another conference attendee's computer just prior to his speaking at the conference. Yoho further stated that a copy of his presentation is not on any computer in his possession or under his control. Finally, Yoho stated he did not retain from Met-Pro any documents or other things on any computer in his possession or control.

Normally, this representation in Yoho's affidavit would be enough for the court to deny an inspection of Yoho's computer. Simply questioning the veracity that all responsive

4

documents have been produced is not enough for this court to grant a motion to compel. However, in this case a competing affidavit has been filed by Steven Kornblum, another regional sales manager for Met-Pro. Kornblum stated that he attended the same conference attended by Yoho in September, 2004. He further stated that he and another Met-Pro employee saw Yoho, wearing a name tag that read: Ed Yoho, Stiles-Kem. Further, Kornblum stated that he observed in a conference program that Yoho would give a half-hour presentation on Biopurge. A copy of the program was attached as an exhibit. Significantly, Kornblum stated he attended Yoho's presentation and noted that it "appeared to be identical" to the presentation Yoho gave on behalf of Met-Pro with a few minor exceptions. (Pl.'s Reply, at 5). Finally, Plaintiff points out that Yoho was unable to offer an explanation about the fellow conference attendee that lent Yoho a computer to prepare a power-point presentation right before his presentation was scheduled, nor was he able to describe how he printed the document (which was apparently used during Yoho's presentation). (Pl.'s Reply, at 3).

With this conflicting testimony and the obvious relevancy of the Biopurge/Bactipurge power-point presentation to Plaintiff's causes of action, the court finds that Plaintiff's Motion to Compel should be granted. Defendant Yoho is to make available his computers for inspection by Plaintiff's expert at a reasonable time and at a reasonable place. Since the parties have agreed to enter into a confidentiality stipulation to protect the confidentiality of any sensitive information produced by Defendants, the court finds an inspection of Yoho's computer would not create an undue burden on Defendants. Copies of pertinent files may be made subject to the agreed confidentiality stipulation.

## III. Conclusion

For the foregoing reasons, Plaintiff's Motion to Compel is granted with respect to an inspection of Defendant Yoho's personal and work computers. Defendant Yoho is to make available his computers for inspection by Plaintiff's expert at a reasonable time and at a reasonable place. Disclosures are subject to the parties' agreed confidentiality stipulation.

ENTER:

**P. MICHAEL MAHONEY, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**

DATE: 2/22/05